Filed 3/14/24  P. v. Kelly CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JARRELL KELLY,<br><br>    Defendant and Appellant. | G062071<br><br>(Super. Ct. No. 08NF4115)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed and remanded with directions.

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Felicity Senoski, and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Convicted of special circumstances murder and attempted murder in 2012, Jarrell Kelly appeals the summary denial of his petition for resentencing under Penal Code section 1172.6.[1] The trial court determined appellant failed to make a prima facie showing for relief because the jury found he acted with the intent to kill. However, while this appeal was pending, our Supreme Court determined such a finding is insufficient, in and of itself, to bar resentencing. (*People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*).) In his supplemental briefing on *Curiel*, the Attorney General concedes appellant may be entitled to resentencing on his attempted murder conviction, and therefore reversal is required as to that offense. But he maintains the record of conviction precludes relief on his murder conviction. We cannot agree. Because the record does not conclusively establish appellant's ineligibility for resentencing on that conviction, we reverse the trial court's order in its entirety and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, appellant and several other members of the Rollin' 20's gang robbed two men at gunpoint in the restroom of a Denny's restaurant in Anaheim. During the robbery, Armand Jones, a friend of the victims, entered the restroom. Appellant's group tried to rob him too, but he resisted and chased the robbers outside. Jones' friend Ronnell Spencer joined the chase and fired several shots at the robbers in the parking lot. Appellant's group fired back, wounding Spencer and killing Jones.

Appellant was charged with murder, attempted murder, robbery and street terrorism, as well as vicariously discharging a firearm. (§§ 187, subd. (a), 664, 211, 186.22, subd. (a), 12022.53, subds. (c), (d) & (e)(1).) He also faced two special circumstances allegations, namely that Jones was killed during a robbery and to further the activities of a criminal street gang. (§ 190.2, subds. (a)(17)(A) & (a)(22).)

---

[1] That section was formerly housed in Penal Code section 1170.95, but in 2022 it was renumbered without substantive change as Penal Code section 1172.6 (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code.

At trial, the prosecutor conceded appellant did not shoot Jones or Spencer. However, he argued appellant was guilty of first degree felony murder for participating in the robbery that led to the shooting. And he argued appellant was guilty of attempted murder because that offense was a natural and probable consequence of the robbery or a conspiracy to commit robbery.

With respect to the gang special circumstances allegation, the jury was instructed it not only required proof that appellant was a member of a criminal street gang when Jones was killed, but also that he personally intended to kill at that time. (CALCRIM No. 736.) The jury convicted appellant as charged, finding all sentencing and special circumstances allegations true. The trial court sentenced him to life in prison without parole, and we affirmed his convictions on appeal. (*People v. Valerio et al.* (Dec. 24, 2014, G047217) [nonpub. opn.].)

In 2022, appellant petitioned for resentencing under section 1172.6. Based on the jury's true finding on the gang special circumstances allegation, the trial court ruled appellant was ineligible for relief because he acted with the intent to kill. It thus denied his petition without an evidentiary hearing.

## DISCUSSION

Appellant contends the trial court's ruling was erroneous because the record of conviction does not render him ineligible for resentencing as a matter of law. He is correct.

Appellant's claim is grounded in Senate Bill No. 1437. (Stats. 2018, ch. 1015, §§ 2-4 (SB 1437).) That law narrowed the scope of vicarious liability for the crime of murder in two important ways. First, it eliminated the natural and probable consequences theory in murder cases by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Second, SB 1437 reined in the felony murder rule so that it can only be applied to nonkillers if they aided and abetted the actual killer in committing first degree murder, or

3

they were a major participant in the underlying felony and acted recklessly indifferent to human life.  (§ 189, subd. (e).)

SB 1437 also led to the enactment of section 1172.6 , which is the procedural mechanism for challenging a murder conviction based on vicarious liability. To obtain relief under that section, the defendant must show 1) he was prosecuted for murder under the felony murder rule, the natural and probable consequences doctrine, or some other theory under which malice was imputed to him based solely on his participation in a crime, 2) he was convicted of murder, and 3) and he would not be liable for murder today because of how SB 1437 redefined that offense.  (§ 1172.6, subd. (a).) The statute applies in an analogous manner to defendants who were convicted of attempted murder based on the natural and probable consequences doctrine.  (*Ibid*.)

If the defendant makes a prima facie showing for relief, the trial court is required to issue an order to show cause and conduct an evidentiary hearing.  (§ 1172.6, subds. (c), (d).)  At the hearing, the prosecution must prove beyond a reasonable doubt the defendant is ineligible for resentencing because his conduct did in fact rise to the level of murder or attempted murder as redefined by SB 1437.  (*Id*., subd. (d)(3).) Otherwise, the defendant is entitled to vacatur and resentencing per the terms of section 1172.6.

In *People v. Lewis* (2021) 11 Cal.5th 952, our Supreme Court ruled the bar for establishing a prima facie case for resentencing is very low, and the trial court's role in determining whether that bar has been cleared in a given case is quite limited.  (*Id*. at pp. 970-972.)  While the trial court may consider the underlying record of conviction, judicial factfinding is not allowed.  (*Ibid*.)  Unless the record of conviction proves the defendant is ineligible for resentencing as a matter of law, the court must issue an order to show cause and conduct an evidentiary hearing on his entitlement to relief.  (*Id*. at p. 971, accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.)

4

The Supreme Court's recent decision in *Curiel* provides guidance on the resentencing process in this case. As relevant here, the court held a jury's finding the defendant acted with the intent to kill does not foreclose resentencing under section 1172.6. (*Curiel, supra,* 15 Cal.5th at pp. 460-463.) Rather, the record of conviction must establish the jury made all of the factual findings necessary to support a conviction for murder or attempted murder under current law. (*Id*. at pp. 463-471.) This requires proof the jury found the defendant harbored the necessary intent *and* he committed the necessary act or acts to be guilty under a presently valid theory of liability. (*Ibid.*)

With respect to appellant's conviction for attempted murder, it is undisputed the jury did not make such findings. As to that offense, the jury was instructed on both direct aiding and abetting and the natural and probable consequences theory of aiding and abetting. Although direct aiding and abetting is still a valid theory of liability, and the jury found appellant acted with the intent to kill, the Attorney General concedes that, under *Curiel*, that finding is insufficient to establish the jury made the necessary findings to convict appellant of attempted murder as a direct aider and abettor. (*Curiel, supra,* 15 Cal.5th at pp. 460-463.) Therefore, the trial court erred in summarily denying appellant's petition for resentencing as to that offense.

Turning to appellant's murder conviction, the record shows he was convicted based on the felony murder rule. Consistent with the law that was in effect at the time of his trial, the jury was instructed it could convict appellant under that rule if he participated in the underlying robbery and Jones was killed during the commission of that offense. The jury was not required to find appellant possessed any particular intent with respect to the killing itself. (See generally *People v. Chun* (2009) 45 Cal.4th 1172, 1184 [under the traditional felony murder rule, malice for the killing was imputed to the defendant so long as he intended to commit and participated in a qualifying felony].)

However, as noted above, SB 1437 narrowed the felony murder rule. Now murder liability based on a killing that occurred during the commission of a felony can

5

only be imposed on a person if: 1) he was the "actual killer," 2) he "was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree," or 3) he was "a major participant in the underlying felony and acted with reckless indifference to human life[.]" (§ 189, subd. (e)(1)-(3).) So, unless the jury made the necessary findings to convict appellant under one of these three theories, he is not barred from obtaining relief under section 1172.6. (*Curiel, supra,* 15 Cal.5th at p. 463-471.)

The Attorney General admits that for purposes of subdivisions (e)(1) and (e)(3) of section 189, the jury did not find appellant was the actual killer or that he was a major participant who acted recklessly indifferent to human life. Therefore, appellant is not ineligible for resentencing by virtue of those subdivisions. That leaves section 189, subdivision (e)(2) (hereafter section 189(e)(2)) as the only possible basis for disqualifying him.

We know from its true finding on the gang special circumstances allegation the jury found appellant acted with the intent to kill, which satisfies the mens rea requirement under section 189(e)(2). That being the case, appellant's eligibility for resentencing on the murder count turns on whether the jury also found he "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." (§ 189(e)(2).)

The record of conviction does not contain any such finding. However, the Attorney General argues that doesn't matter because even though the jury did not find that appellant aided and abetted the actual killer in shooting Jones, it did find that he aided and abetted the underlying robbery. In so arguing, the Attorney General effectively equates the actus reus for the new felony murder rule with the actus reus for the old felony rule. He would have us believe that although section 189(e)(2) specifically states the defendant must aid and abet "the actual killer in the commission of murder in the first

6

degree" to be liable for felony murder, the defendant really only needs to aid and abet the underlying felony.

That position finds support in *People v. Lopez* (2023) 88 Cal.App.5th 566 (*Lopez*). In that case, our colleagues in the Second Division of the Fourth Appellate District determined in a split decision that the defendant was ineligible for resentencing under section 189(e)(2) because in convicting him of felony murder, the jury found he acted with the intent to kill. While recognizing that subdivision requires the defendant to both intend to kill *and* aid and abet the actual killer, *Lopez* ruled it will suffice if, acting with malice, the defendant simply aids and abets the underlying felony. (*Id*. at pp. 577-579.) In so ruling, *Lopez* found it significant that malice is not imputed to the defendant in that situation. Since section 189(e)(2) requires the intent to kill, *Lopez* determined there was no need to require the defendant to assist the actual killer in carrying out the murderous act. (*Ibid*.)

However, as the dissenting justice in that case pointed out, this interpretation of the statute ignores the plain language of section 189(e)(2). (*Lopez, supra*, 88 Cal.App.5th at p. 585 (Raphael, J., dissenting).) The most obvious reason the Legislature included the requirement of aiding and abetting the actual killer in that provision is because it wanted to narrow its application to cases where the defendant actually assisted the killer in committing first degree murder. (*Ibid*.) Interpreting section 189(e)(2) as only requiring the defendant to aid and abet the underlying felony undermines this intent and renders much of that provision meaningless. (*Ibid*.)

That explains why this court took a different approach to the issue in *People v. Ervin* (2021) 72 Cal.App.5th 90 (*Ervin*). Even though Ervin's jury found he acted with the intent to kill and aided and abetted "another" in carrying out the murder, we found that was insufficient to satisfy section 189(e)(2) because, in addition to the intent to kill, that provision requires proof the defendant aided and abetted "'*the actual killer* in the commission of murder in the first degree.' [Citation.]" (*Ervin, supra*, 72

7

Cal.App.5th at p. 108.) Because the record of conviction did not prove that critical element, we determined the trial court erred in denying Ervin's petition for resentencing without an evidentiary hearing. (*Id*. at pp. 111-112.)

Likewise, here, appellant's jury found he possessed the intent to kill, but it did not find that he also aided and abetted the person who fatally shot Jones, i.e., the "actual killer" for purposes of section 189(e)(2). It is true, as the Attorney General points out, that by returning a true finding on the gang special circumstance allegation, the jury necessarily determined appellant intended to commit murder for a street gang purpose. (CALCRIM No. 708.) But that is not the same as finding appellant aided and abetted the actual killer in committing first degree murder, as required under section 189(e)(2).

The Attorney General also notes out that in *Curiel*, the Supreme Court observed that few convicted murderers who acted with malice and were found liable under the natural and probable consequences theory of aiding and abetting will be eligible for resentencing because their conduct will usually satisfy all of the elements for direct aiding and abetting, which is still a valid theory of murder. (*Curiel, supra,* 15 Cal.5th at p. 470.) However, appellant was convicted of murder under the felony murder rule, not the natural and probable consequences theory of aiding and abetting. In fact, during his closing argument, the prosecutor emphasized that felony murder was the state's *exclusive* theory for first degree murder. Thus, that aspect of the *Curiel* decision is not pertinent to this case. (See *id*. at pp. 461 & 470, fn. 7 [making it clear that SB 1437's amendments to the felony murder rule were not at issue in determining Curiel's eligibility for resentencing].)

However, the *Curiel* decision is informative in the broader sense that it articulated general rules for assessing a defendant's eligibility for resentencing. In that regard, the Supreme Court emphasized the question is not whether the defendant *could* have felt and acted in such a way as to disqualify him for relief but whether the record of conviction *conclusively establishes* he is ineligible for resentencing as a matter of law.

(*Curiel, supra,* 15 Cal.5th at pp. 470-471.)  Because the record of appellant's murder conviction does not prove as much, the trial court erred in summarily denying his petition for resentencing on that offense.  (*Ibid.*)

DISPOSITION

The trial court's order denying appellant's petition for resentencing is reversed, and the matter is remanded for the issuance of an order to show cause and an evidentiary hearing on appellant's entitlement to resentencing on his convictions for both murder and attempted murder.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


GOODING, J.